IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY LEE ANDREWS, JR.                                                         PLAINTIFF

v.                                    Civil No. 1:24-cv-01027-SOH-BAB

SHERIFF RICKY ROBERTS;
GAYLA TELANO; DR. DEANA HOPSON;
NURSE KASEY SANDFORD; CAPTAIN
LISA WORLEY; and BILLY PERRY                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss for Failure to Prosecute. (ECF No. 22). Plaintiff has not responded and his time to do so has passed. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff, Johnny Lee Andrews, Jr., originally submitted this 42 U.S.C. 1983 action *pro se* on April 24, 2024 along with an application to proceed *in forma pauperis* ("IFP Application"). (ECF Nos. 1-2). The Court granted Plaintiff's IFP Application on the same day. (ECF No. 3). In this Order, Plaintiff was specifically advised:

> Plaintiff is advised that he is required to immediately inform the Court of any change of address. **If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address** . . . **Failure to inform the Court of an address change shall result in the dismissal of this case.**

1

(ECF No. 3) (emphasis in original).

On June 14, 2024, mail sent to Plaintiff by the Court, at his address of record, was returned as undeliverable mail. (ECF No. 8). Plaintiff was provided thirty days to inform the Court of his new address. Plaintiff failed to do so and has not communicated with the Court since initially filing his Complaint.

On July 15, 2024, Defendants filed the instant Motion to Dismiss arguing Plaintiff has not complied with the Federal Rules of Civil Procedure or the Locals Rules and has failed to prosecute this matter. (ECF Nos. 22-23).

## II.  DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has completely failed to prosecute this case and comply with the Court's Orders. Plaintiff failed to keep the Court informed of his current address and defend against Defendants' Motion to Dismiss. However, the Court does not find dismissal with prejudice is warranted here.

### III. CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Defendants' Motion to Dismiss (ECF No. 22) be granted, and Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**Status Referral:** Referral should be terminated.

**DATED** this 7th **day of October 2024**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE